United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-30082

)))))))))))))))))))))))))))

JEFFREY A. BROUSSARD; KATHERINE B. BROUSSARD

                Plaintiffs-Appellants

        v.

CHEVRON USA, INC.; ET AL

                Defendants

CHEVRON USA, INC.

                Defendant-Appellee

---

JEFFREY BERTRAND

                Plaintiff-Appellant

        v.

CHEVRON USA, INC.; ET AL

                Defendants

CHEVRON USA, INC.

                Defendant-Appellee

---

GERVASE J. DECLOUET

                Plaintiff-Appellant

        v.

CHEVRON USA, INC.; ET AL

                Defendants

CHEVRON USA, INC.

Defendant-Appellee

---

Appeals from the United States District Court
for the Western District of Louisiana
No. 6:04-CV-1385

---

Before SMITH, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Jeffrey A. Broussard, Katherine B. Broussard, Jeffrey Bertrand, and Gervase J. Declouet (collectively, "Plaintiffs") appeal the district court's order dismissing their claims of negligence against Defendant-Appellee Chevron USA, Inc. ("Chevron"). With the exception of Katherine Broussard, Plaintiffs were all employees of Production Management Industries, L.L.C. ("PMI"), an independent contractor hired by Chevron to perform work on one of its platforms. During their work on the Chevron platform, Plaintiffs were injured in a flash fire that occurred when another PMI employee failed to properly ventilate the area in which Plaintiffs were working. Plaintiffs brought suit against Chevron, and the district court granted Chevron's motion for summary judgment, finding that Chevron was not liable for Plaintiffs' injuries. Plaintiffs contend on

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

2

appeal that this decision was erroneous.

Jurisdiction in this case is founded on the Outer Continental Shelf Lands Act, which requires us to apply federal law to Plaintiffs' claims, supplemented by the law of the adjacent state--Louisiana in this case--to the extent the state law is not inconsistent with federal law. See 43 U.S.C. §§ 1333(a), 1349 (2000); see also Bartholomew v. CNG Producing Co., 832 F.2d 326, 328 (5th Cir. 1987). Thus, absent any conflict with federal law, this court will apply Louisiana law as "surrogate federal law" in this case. See Bartholomew, 832 F.2d at 328.

Pursuant to Louisiana precedent and this court's interpretation of it, a principal, such as Chevron, is typically not liable for the negligence of its independent contractor. See Roberts v. Cardinal Servs., Inc., 266 F.3d 368, 380 (5th Cir. 2001). This court has recognized two exceptions to this rule: (1) when the principal maintains operational control over the activity in question; or (2) even in the absence of such control, when the activity is ultrahazardous. Id. Further, a principal always remains liable for its own negligence. Graham v. Amoco Oil Co., 21 F.3d 643, 645 (5th Cir. 1994); see also Crane v. Exxon Corp., USA, 613 So. 2d 214, 221 (La. Ct. App. 1992).

Here, Plaintiffs argue that Chevron is liable for their injuries for three reasons: (1) Chevron was negligent; (2) Chevron meets the operational control exception; and (3) Chevron

3

is liable under an "inherently dangerous activity" exception that Plaintiffs contend has been recognized under Louisiana law.  As argued by Plaintiffs, the inherently dangerous activity exception permits a court to impose liability on a principal if the activity is inherently dangerous and the principal has "expressly or impliedly authorized the particular manner" which renders the work unsafe.  See Ewell v. Petro Processors of La., Inc., 364 So. 2d 604, 606-07 (La. Ct. App. 1978).

After reviewing the briefs and pertinent record excerpts and considering the oral arguments of the parties, the court concludes that the district court did not err in determining that Chevron was not liable for Plaintiffs' injuries.  Plaintiffs have failed to create a genuine issue of material fact on the issues of whether Chevron was negligent or whether Chevron retained operational control over Plaintiffs' activities.  Further, even if the court were to recognize the inherently dangerous activity exception as argued by Plaintiffs, there is no evidence that Chevron expressly or impliedly authorized the act in question. We therefore AFFIRM the judgment of the district court.

AFFIRMED.